## THE PEOPLE, FOR USE, ETC.,
v.
## JOHN C. McCOY.

*Practice of Medicine—Certificate—Statutory Penalty—Former Adjudication.*

In an action to recover the statutory penalty for practicing medicine without a certificate, it is *held:* That there is no practical distinction between the charge involved in a former case against the defendant, and that here in question; and that the order revoking the certificate of defendant is invalid.

[Opinion filed February 13, 1889.]

APPEAL from the Criminal Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. J. M. HAMILTON and CHARLES C. GILBERT, JR., for appellants.

In this case the question of service of notice is entirely eliminated, and it stands as proven that notice was twice served upon McCoy to appear before the board. The board, therefore, had jurisdiction to examine into the case and revoke the certificate, if the charges were found to be true. This is established by the decision of the Supreme Court. In the case of Williams v. The People, the court say: " It may be con-

ceded that under the 10th section of the act of 1877, to regulate the practice of medicine in this State, the State Board of Health had power to revoke certificates issued to individuals to practice medicine for the same reasons it might refuse to issue such certificates, viz., for unprofessional or dishonorable conduct."

The Supreme Court say, in their opinion in the former case, that this charge, if proven, does amount to unprofessional and dishonorable conduct. Now, let us examine and see from this record whether the board did in fact, at its Springfield meeting, investigate and determine the charge against McCoy, as contained in the Alton notice, that "you make and publish statements and promises with reference to the treatment and cure of the sick and afflicted, which are calculated to deceive and defraud the public."

The proceedings of the board at their meeting at Springfield, May 21, 1885, are shown by the recorded minutes of the board. These minutes show that "The case of Dr. J. Cresap McCoy, of No. 1516 Lucas Place, St. Louis, of Belleville, Alton, and elsewhere, in the State, was taken up for consideration."

The minutes further show that there were submitted to the board certain of McCoy's advertisements printed in the News-Democrat of Belleville, Ill., in St. Louis and Alton papers, and a copy of a twenty-four column issue of the St. Louis Wasp, and that these advertisements were "adjudged to contain claims with regard to the treatment of the sick and afflicted, which were fraudulent." Now, if that was not an investigation and positive decision by the board upon the charge as specified in the Alton notice, that "you make and publish statements and promises with reference to the treatment and cure of the sick and afflicted, which are calculated to deceive and defraud the public," we utterly fail to understand the meaning of the English language employed. Then the record shows that the board, after their finding upon the facts, proceeded to revoke McCoy's certificate for unprofessional and dishonorable conduct. The minutes of the board in this record show that it proceeded with as great exactness

and regularity to the investigation of the charge against Mc-Coy as would a Criminal Court, and that the board, from the evidence, adjudged that the claims and representations in his publications were false and fraudulent. If they were false and fraudulent, and no one but the Board of Health has a right to determine that question, then the Supreme Court has said in their opinion in the former case, that that would be conclusive evidence of " unprofessional and dishonorable conduct."

Mr. WILLIAM BROWN, for appellee.

The doctrine of *res adjudicata* embraces not only what has actually been determined in the former suit, but also extends to any other matter properly involved and which might have been raised and determined in it. Bennett v. Mining Co., 119 Ill. 14.

A former adjudication of the matter in controversy is conclusive between parties in a subsequent proceeding upon the same matter, not only as to the matters actually determined, but as to every other thing then within the knowledge of the complainant which might have been set up as ground of relief. Hamilton v. Quimby, 46 Ill. 90.

The true test by which the question whether the plea is a bar in any particular case may be tried, is, whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction on the first. Campbell v. People, 109 Ill. 572.

When a specific question has been adjudicated in a former suit, its determination in the former suit will be conclusive upon the parties in the latter suit without regard to whether the cause of action is the same in both suits or not. Such estoppel to relitigate the same question is equally available to the plaintiff as to the defendant. Tully v. Bridges, 105 Ill. 336.

In regard to former adjudication, no distinction lies between felonies and misdemeanors, as the declaration in our bill of rights, that no person shall twice be put in jeopardy for the same offense, is sufficiently comprehensive to include any violation of the criminal law of the State, the word offense apply-

ing alike to crimes of whatever grade.   Logg v. People, 8 Ill. App. 99.

To be a bar, the offense charged in one indictment must agree in law and in fact with some offense of which the accused might have been convicted upon a prosecution upon another indictment, and in such prosecution there must have been an acquittal or conviction.   Freeland v. People, 16 Ill. 380.

The foregoing authorities, it seems to us, make it plain that the proceeding here is barred by the former case.   It makes no difference that counsel did not offer the same evidence the first time.   He had the right to have offered it and if he did not elect to offer it and the defendant was acquitted, it relieved him as effectually from any charge which might have been covered by the evidence as if it had been offered.   All that the people could have done and proven to have secured his conviction, is the same as if it had been done.   Of this the foregoing authorities seem to us to be conclusive.

*Per Curiam.*   The judgment in this case must be affirmed. We can see no practical distinction between the charge against defendant contained in the notice which is discussed by the Supreme Court in the case of The People v. McCoy, 125 Ill. 297, and that here in question.   The charge stated in that case was "making statements and promises calculated to deceive and defraud the public."   In the notice proved here the charge is "that you make claims and promises * *. * which are false and fraudulent."

Counsel is mistaken in the statement in his brief that the charge in this notice is "that you make and *publish* statements."   The notice from which he quotes is of a trial to be held in Chicago and not at Springfield.

The record of the judgment of the State Board of Health in evidence in this case and the evidence introduced before said board are identical with the record and evidence in the one decided by the Supreme Court above referred to, and while it is true that there was not sufficient proof of service of the notice in that case, and the service in this case is well proven,

we yet feel bound by the intimations given in the opinion of the Supreme Court, that the order of the board could not be sustained, even if there had been service of the notice.

*Judgment affirmed.*